Carmella BELLISTRI and Anthony Bellistri, Plaintiffs-Appellants,

v.

**CITY OF ST. LOUIS,**
Defendant-Respondent.

No. 47026.

Missouri Court of Appeals,
Eastern District,
Division One.

May 22, 1984.

**406**

Bernard Susman, Robert M. Susman, St. Louis, for plaintiffs-appellants.

James J. Wilson, City Counselor, Edward J. Hanlon, Asst. City Counselor, St. Louis, for defendant-respondent.

SNYDER, Presiding Judge.

This is a personal injury action in which plaintiffs Carmella and Anthony Bellistri appeal from a judgment, pursuant to a jury verdict, in favor of the defendant City of St. Louis. Mrs. Bellistri was injured when she fell on a City sidewalk. The Bellistris'

four points relied on alleged error in the refusal of the trial court to receive evidence concerning sidewalk repairs made by the City after Mrs. Bellistri's fall. The judgment is affirmed.

On September 24, 1980, Mrs. Bellistri fractured her right wrist and left leg after she tripped and fell over a section of a sidewalk which had been raised by tree roots. The sidewalk in question, in the 5300 block of Bischoff Street, was cracked and one portion was raised about two-and-a-half inches. Mrs. Bellistri testified that she had never walked on that particular sidewalk before. She was walking in a "normal fashion," not consistently looking down at the sidewalk in front of her, but occasionally glancing at it. The offending tree was removed and the sidewalk repaired in May, 1981.

The Bellistris brought suit in negligence against the City. The City defended that suit on the grounds of contributory negligence: that Mrs. Bellistri failed to keep a careful lookout.

Appellants raise four points of error. Three are related to the exclusion of evidence; one concerns two pictures which were received in evidence, but which the trial court would not allow to be passed to the jury.

It should be noted at the outset that the trial court is vested with substantial discretion in controlling and ruling on the admissibility of evidence. *Gant v. Hanks*, 614 S.W.2d 740, 744 (Mo.App.1981). A thorough review of the record reveals that no abuse of that discretion occurred.

Appellants charge the trial court erred in sustaining objections to the admission of several items of evidence. One item consisted of two interrogatories propounded to the City and the City's answers. The interrogatories and answers dealt with an inspection of the sidewalk in question on January 7, 1981, more than three months after Mrs. Bellistri's fall.

The other items were a letter to a property owner dated January 9, 1981 in which the City said the sidewalk was "a hazard to

pedestrians," and documents from the City Forestry Division dated in January and May of 1981. A sycamore tree root had caused the raising of the sidewalk and the crack over which Mrs. Bellistri fell. The documents reported the inspection of the tree in January of 1981, and the removal of the tree on May 27 and 28, 1981 by the Forestry Division. Respondent objected to the admission of the evidence in question on the grounds of relevance and the objections were sustained. There was no error.

All of the evidence which was refused admission by the trial court related to occurrences after the date of Mrs. Bellistri's fall. The inspection referred to in the answers to interrogatories was made in January of 1981. The pictures which appellants sought to introduce all showed the sidewalk after it had been repaired in May of 1981.

■ The general rule is that evidence of repairs to defective property is inadmissible when the repairs are made after the property causes an injury for which damages are sought. *Atcheson v. Braniff International Airways*, 327 S.W.2d 112, 116 (Mo. 1959), quoting 65 C.J.S. *Negligence* § 225a. See also *Gignoux v. St. Louis Public Service Co.*, 180 S.W.2d 784 (Mo.App.1944).

■ All of the evidence about which the Bellistris complain related to the sidewalk repairs and tree removal which had been done eight months after Mrs. Bellistri's fall. Appellants agree that the evidence was inadmissible to show antecedent negligence, but they argue that the evidence should have been admitted, under an exception to the general rule, to show the physical condition of the property which existed at the time of the injury.

There was ample evidence of the physical condition of the sidewalk at the time of Mrs. Bellistri's fall. There were close-up photographs of the crack and the raised sidewalk slab. There were city inspection reports in 1975 and 1978 which showed a raised sidewalk, proof that the dangerous condition had been a continuing one. The disputed evidence was unnecessary to prove either the condition of the sidewalk at the time of the fall or that the condition was a continuing one.

The City, in fact, did not deny its negligence and presented no evidence to the jury.

■ A trial court has broad discretion on its rulings on the admissibility of evidence. See *Gant v. Hanks, supra.* In addition, there was sufficient evidence on the existence of the defect at the time of the accident for the trial court to conclude that even if relevant, the interrogatories and their answers were cumulative and repetitious. See *State ex rel. Missouri Highway and Transportation Commission v. Conley Development Co.*, 628 S.W.2d 683, 684 (Mo.App.1982); *Long v. Hooker*, 443 S.W.2d 178, 182 (Mo.1969). The point is denied.

Two photographs of the area where the accident occurred were admitted into evidence, purportedly to show the condition of the sidewalk at the time of the accident, that is, the effect of the shadow cast by a nearby building on a portion of the sidewalk. At the time the photographs were taken, however, the sidewalk had been repaired. The City objected to passing these photographs to the jury on the grounds that they were prejudicial and misleading, and that objection was sustained. Appellants, in their final point, contend that the photos should have been passed to the jury because they were relevant to the light and shadow conditions existing at the time of the accident.

■ Although the admission of photographs into evidence is within the sound discretion of trial court, photographs should not be admitted unless they are a true and faithful representation of the subject, place or condition they purport to represent. *Beshore v. Gretzinger*, 641 S.W.2d 858, 861 (Mo.App.1982). The photos at issue here failed to make such a representation. The sidewalk had been repaired, and there was a great possibility that, even if that change were explained to the jury, they would be misled. See *Gignoux v. St.*

*Louis Public Service, supra* at 786. By showing that the sidewalk had been repaired, evidence of subsequent repairs would be put improperly before the jury. No limiting instruction could dispel the unwarranted prejudice that would result. The point is denied.

The judgment is affirmed.

STEWART and PUDLOWSKI, JJ., concur.