Alden L. TAYLOR and Jane
Taylor, Respondents,

v.

ASSOCIATED ELECTRIC
COOPERATIVE, INC.,
Appellant.

No. WD 43786.

Missouri Court of Appeals,
Western District.

Sept. 17, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied
Dec. 17, 1991.

J. Kent Lowry, J. Michael Ponder, Jefferson City, for appellant.

Paul T. Graham, William Brandecker, Columbia, for respondents.

Before LOWENSTEIN, C.J., SHANGLER, P.J., and BERREY, J.

BERREY, Judge.

Appellant, Associated Electric Cooperative, Inc., appeals from a judgment for personal injuries entered upon a jury verdict in favor of respondent, Alden Leon Taylor. Affirmed.

Appellant presents six points in this appeal: (1) trial court error in overruling its motion to dismiss for lack of subject matter jurisdiction because respondent was a statutory employee pursuant to § 287.040, RSMo 1986; (2) trial court error in permitting the introduction of evidence as to a subsequent remedial measure; (3) trial court error in failing to admit an approved workers' compensation settlement into evidence; (4) trial court error in failing to admit its Exhibit No. 10; (5) trial court error in submitting respondent's verdict directing instruction as such instruction was vague and not patterned after MAI 22.03; and (6) trial court error in failing to grant appellant's motion for a new trial because the verdict rendered by the jury was against the weight of the evidence and was the result of bias, passion and prejudice.

Appellant, Associated Electric Cooperative, Inc., operates a coal fired electrical generating plant at Thomas Hill, Randolph County, Missouri. Coal fired generators require large amounts of water. Water from a lake built by appellant is purified and then stored in two 100,000 gallon tanks which interconnect with each other by a series of interconnected pipes.

Maintenance services at the plant were performed both by appellant's own maintenance crews and by Union Boiler Company, a company contracted by appellant to provide certain maintenance and related services. It was determined by management that the storage tanks needed repainting. Union Boiler assigned respondent, Alden Leon Taylor, to this task. Taylor began working at the plant around September 10, 1986. On October 20, 1986, Taylor was injured when a wooden walkway over steel pipes collapsed while he was attempting to cross it. He was enroute to his job of painting one of the large storage tanks. He fell onto the pipes and both of his legs were caught and injured.

Taylor was examined at the University of Missouri Hospital where he was treated and released for an injury to his left leg. On October 24, 1986, he returned to work and experienced a popping and severe pain in his right leg. Taylor has not been able to return to work.

The wooden pipe crossing that Taylor fell from was subsequently removed. In fact, all the wooden crossings were removed and replaced with metal crossings following his accident. No examination was made of the old crossings before they were torn down.

■ Appellant, in Point I, claims that the trial court did not have subject matter jur-

isdiction because Taylor was a statutory employee of appellant pursuant to § 287.-040, RSMo 1986, and thus it was error to overrule appellant's motion to dismiss and motion for judgment notwithstanding the verdict.

Section 287.040.1, RSMo 1986, provides:

**287.040. Liability of employer—landlords, contractors, subcontractors.**—1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

The purpose of the statute "is to prevent an employer from evading workmens' compensation liability by hiring independent contractors to perform the usual and ordinary work which his own employees would otherwise perform." *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988) quoting *Miller v. Municipal Theatre Ass'n of St. Louis*, 540 S.W.2d 899, 906 (Mo.App. 1976). The provisions in § 287.040.1 do not apply to "the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor." § 287.040.3, RSMo 1986.

■ Three elements are necessary in the determination of whether an employee can be deemed a statutory employee: (1) that the work was performed pursuant to a contract; (2) that the injury occurred on or about the premises of the alleged statutory employer; and (3) that the work was in the usual course of business of the alleged statutory employer. *McDonald v. Bi-State Development Agency*, 786 S.W.2d 201, 203 (Mo.App.1990). Missouri courts also look at whether the employer had the right to control or replace the employee and whether the work was incidental to the business rather than in furtherance of the usual course of business. *Wood v. Procter & Gamble Mfg. Co.*, 787 S.W.2d 816, 819 (Mo.App.1990). The first two requirements are not at issue in the instant case; it is the

third prong of the test which is at issue—whether the work performed was in the usual course of business.

Appellant contends that the work respondent did was in the usual course of business, that the painting of the tanks was necessary for the operation of the business. Appellant seems to believe that since they had a contract with Union Boiler and since Union Boiler contracted with respondent, then respondent was a statutory employee of appellant. Evidence presented at trial points out the weakness in appellant's chain of logic.

There was ample evidence to support the proposition that Taylor was not a statutory employee and that the work being performed was not in the usual course of appellant's business. Union Boiler had to contract out the work, calling to the union to obtain specialists for the project. The evidence supports the finding that Taylor was hired as a specialist to do a special job, one that had never been performed before and that when his task was finished, his work on appellant's premises was also finished.

Appellant produces electricity. Generating such electricity doesn't require the painting of water tanks as a usual incident of that business. This case is, in this element, similar to *Rucker v. Blanke Baer Extract & Preserving Co.*, 162 S.W.2d 345 (Mo.App.1942). In *Rucker*, the business involved concerned the canning of fruits and manufacturing of preserves, extracts and jellies. *Id.* at 346. The employee, not in the company's regular employ, was hired to paint smokestacks. He was injured and the company claimed that he was a statutory employee. The court found, "the work of painting the smokestacks, while occasionally necessary as an incident to the plant, was in no sense a process involved in the canning of fruits and the manufacturing of preserves, extracts, jellies, and the like, which comprises the company's usual business." *Id.* at 347. So too is the work Taylor did outside of the usual business of appellant. It went beyond the general maintenance contracted for by Union Boiler. Appellant's Point I is denied.

In Point II, appellant complains of error in the trial court's admission of evidence as to the removal and replacement of the wooden pipe crossings as such was evidence of a subsequent remedial measure, extremely prejudicial to appellant. Generally, evidence of repairs to defective property made after the property causes an injury for which damages are sought is inadmissible. *Bellistri v. City of St. Louis,* 671 S.W.2d 405 (Mo.App.1984). There are exceptions to this rule, however.

Evidence of subsequent repairs may be admissible, for instance, to show the condition of the accident site at the time of the fall. *Hefele v. National Super Markets, Inc.,* 748 S.W.2d 800, 803 (Mo.App.1988). Appellant presented evidence that no perceived defect was noticeable in the pipe crossings and that the work requests were merely to build new crossings, not to tear down the old ones. This infers that the old ones were not defective. Throughout the trial it was contended that these pipe crossings were not defective. There was no error in the admission of the evidence. Appellant's Point II is denied.

In Point III appellant claims error in the trial court's failure to admit into evidence an approved workers' compensation settlement as such was relevant to the issue of disability or admissible for impeachment purposes. The appellant is mistaken and the settlement was clearly inadmissible. The settlement was inadmissible evidence of a collateral source of insurance, of compromise or settlement and of a workers' compensation payment.

Proof of a compromise or settlement with a third party is not admissible to prove the validity or invalidity of a claim or as an admission against interest. *See Joice v. Missouri–Kansas–Texas R. Co.,* 354 Mo. 439, 189 S.W.2d 568 (1945). Such is also true as to Workers' Compensation awards. *State ex rel. Transit Casualty Co. v. Holt,* 411 S.W.2d 249 (Mo.App.1967). In any event, nothing in the proposed exhibit was admissible as probative or any material issue. Appellant's Point III is denied.

Appellant next contends that the trial court erred in failing to admit jury exhibit No. 10, the certificate of Workers' Compensation Insurance for Union Boiler, as a part of exhibit No. 9, a maintenance contract executed between appellant and Union Boiler. Appellant claims that this was properly admissible as relevant evidence on the statutory employer issue.

Quite clearly the exhibit in question was evidence of a collateral source of recovery and, as such, was inadmissible. *See Mock v. J.W. Githens Co.,* 719 S.W.2d 79 (Mo.App.1986). A wrongdoer is not entitled to have his liability for damages reduced by prooving that a plaintiff has received compensation from a collateral source. *Id.*

Nor is the exhibit probative on the issue of whether or not respondent was a statutory employee of appellant. First of all, the exhibit in question had an expiration date before the accident occurred. Nor did the contract shed any light upon whether respondent's work was in operation of appellant's usual business. Appellant's Point IV is denied.

Appellant, in Point V, claims error in the submission of respondent's verdict directing instruction, No. 10, as the instruction was not patterned after MAI 22.03 was vague and unspecific providing the jury with a roving commission. The instruction read as follows:

> In your verdict you must assess a percentage of fault to defendant whether or not plaintiff Alden Leon Taylor was partly at fault if you believe:
>> First, there was a defect in the pipe crossing on defendant's property and as a result the pipe crossing was not reasonably safe, and
>> Second, defendant knew or by using ordinary care should have known of this defect, and
>> Third, defendant failed to use ordinary care to make the pipe crossing reasonably safe, and
>> Fourth, as a direct result of such failure, plaintiff Alden Leon Taylor was injured.
> unless you believe you must not assess a percentage of fault to defendant by reason of Instruction Number 5.

Rule 70.02(b) provides that whenever a MAI contains an instruction applicable to a particular case it shall be used to the exclusion of any other instruction Rule 70.02(e), however, provides that:

(e) **Guide for the Form of Instructions Where MAI Not Used.** Where an MAI must be modified to fairly submit the issues in a particular case, or where there is no applicable MAI so that an instruction not in MAI must be given, then such modifications or such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.

Modifications of MAIs as required by the facts of a particular case are not presumptively prejudicial merely because the MAI is not literally followed. *Yoos v. Jewish Hosp. of St. Louis,* 645 S.W.2d 177, 191 (Mo.App.1982). The facts in the instant case warrant modification and the modification in question was perfectly proper.

Appellant complains that the instruction is flawed because it is not modified in the same way as done in *Cox v. J.C. Penney Co.,* 741 S.W.2d 28 (Mo. banc 1987). The instruction in *Cox* was not appropriate to the facts in the case at bar, dealing as it does with a slip and fall.

The complained of instruction in this case clearly hypothesizes the ultimate facts of the matter. Both the terms "defect" and "make [the pipe crossing] reasonably safe" are delineated in the MAI's and thus carry approval of the Missouri Supreme Court. Appellant's Point V is denied.

Finally, in Point VI, appellant alleges that the trial court erred in failing to grant its motion for a new trial as the verdict was against the weight of the evidence and was a result of bias, passion and prejudice. The action of the trial court in denying the motion for a new trial is not an appealable order. *Pittman v. Reynolds,* 679 S.W.2d 892 (Mo.App.1984). Although the doctrine of leniency allows review if this court decides *ex gratia* that review is merited we decline to review this point especially in light of other defects, notably

the failure to comply with Rule 84.04(d) in that it does not properly state the "wherein and why."

The judgment of the court is affirmed.

All concur.