Delores BROOKS and Robert E. Brooks, Plaintiffs/Respondents,

v.

ELDERS, INC. Defendant/Appellant.

No. 66378.

Missouri Court of Appeals, Eastern District, Division Three.

April 25, 1995.

---

Steven J. Hughes, Rabbitt, Pitzer & Snodgrass, St. Louis, for appellant.

Joan M. Tanner, Gray & Ritter, P.C., St. Louis, for respondents.

CRANDALL, Judge.

Defendant, Elders, Inc., appeals from the trial court's grant of a new trial following a jury verdict for defendant in plaintiff [1] Delores Brooks' action for bodily injury. We reverse and remand with instruction to enter judgment in accordance with the jury verdict.

The evidence at trial was that plaintiff and her daughter exited defendant's restaurant and walked down a sidewalk to reach their car in defendant's parking lot. As plaintiff neared the car, she fell down a single riser step on the sidewalk. Although it was light outside at the time of plaintiff's fall and nothing obstructed her view of the sidewalk, plaintiff did not see the step "because it just blended in with the sidewalk." The edge of the step was not painted or marked in any way at the time of plaintiff's fall. Plaintiff suffered facial lacerations and a broken elbow.

Plaintiff brought an action against defendant claiming that defendant's premises were not reasonably safe because the step was not painted or marked. During a pre-trial conference, the court granted defendant's motion in limine to exclude evidence that defendant painted the edge of the step where plaintiff fell following her accident.

The case was tried and the jury returned a verdict for the defendant. The plaintiff filed a motion for new trial, alleging, in part, that the trial court erred in excluding evidence that defendant painted the step on which plaintiff fell subsequent to her accident, and in submitting defendant's comparative fault

instruction. The trial court sustained plaintiff's motion.

Defendant first claims the trial court erred in granting plaintiff's motion for new trial because evidence of defendant's later painting of the step on which plaintiff fell was properly excluded.[2] We agree.

■ Evidence of subsequent remedial measures is not admissible to prove antecedent negligence, but may be admissible for other purposes. *Wingate v. Lester E. Cox Medical Center*, 853 S.W.2d 912, 917 (Mo. banc 1993).

> The reasons for prohibiting the admission of post-accident remedial measures to show negligence is twofold: (1) "If precautions taken could be used as evidence of previous improper conditions, no one, after an accident, would make improvements for that would be used against him," and (2) that the changes are irrelevant as to what the previous condition was.

*Pollard v. Ashby*, 793 S.W.2d 394, 402 (Mo. App.1990) (citation omitted).

■ Exceptions to this general rule allow evidence of later remedial measures when offered for purposes such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment. *Wilson v. Kaufmann*, 847 S.W.2d 840, 850 (Mo.App.E.D.1992).

Here, the issue of ownership, control, or feasibility of painting the step was not in dispute. Defendant's president testified that it owned and operated the premises where the accident took place. He also testified that the step could have easily been painted at a minimal cost, but that it was not painted or marked in any way at the time of plaintiff's fall. In fact, when questioned about the feasibility of painting the step and asked if it would take approximately five minutes to paint the step, defendant actually volunteered, "Less than that, **it has been painted.**" (emphasis added).

---

1. We refer to plaintiff in the singular form, because the claim of plaintiff-husband, Robert E. Brooks, is for loss of consortium and is therefore derivative of plaintiff-wife's claim.

2. We only address defendant's first point on appeal, because plaintiff concedes the second error complained of in her motion for new trial was not prejudicial, and she does not address that point in her brief.

Evidence of later remedial measures is also allowed for the purpose of showing the condition of the accident site at the time of the accident. *Wilson* at 850; *Taylor v. Associated Elec. Co-Op, Inc.*, 818 S.W.2d 669, 672 (Mo.App.W.D.1991).

In *Taylor*, a worker suffered injuries when a wooden walkway suspended over steel pipes collapsed while he was attempting to cross it. *Taylor* at 670. After Taylor's fall, all the wooden crossings were removed and replaced with metal crossings. *Id.* The old pipe crossings were not inspected before they were torn down. *Id.* The defendant contended throughout trial that the old pipe crossings were not defective. *Id.* at 672. Evidence of the removal and replacement of the wooden crossings was admitted to show the condition of the accident site at the time of Taylor's fall. *Id.*

Unlike *Taylor*, here the condition of the accident site at the time of the accident was not in dispute. Witnesses for both parties identified photographs of the step and sidewalk taken after plaintiff's fall, and testified that the pictures fairly and accurately depicted the condition of the step and sidewalk at the time of the accident.

This court considered facts very similar to the facts involved here in *Brennan v. St. Louis Zoological Park*, 882 S.W.2d 271 (Mo. App.E.D.1994). In *Brennan*, a zoo patron sought damages for personal injuries she sustained in a fall at the zoo. *Id.* at 272. The patron fell on some steps when she caught her foot in a small recess at the bottom of the steps. *Id.* She stated that she saw the steps before she fell. *Id.* The trial court excluded the testimony and incident report of a zoo ranger who suggested that yellow stripes should be painted on the edge of the steps so that they would be more visible based on an objection that the information was of the nature of a later remedial repair. *Id.* This court held the trial court did not abuse its discretion by excluding the evidence because the possible prejudicial effect of admitting the recommendation for repair outweighed the possible benefit of admitting the evidence, and because the plaintiff admitted she saw the steps before the fall. *Id.*

Our case differs from *Brennan* because here the plaintiff did not see the step before she fell. However, as in *Brennan*, here the possible prejudicial effect to defendant outweighs the possible benefit of admitting the evidence. There was ample evidence of the physical condition of the step; such testimony here would serve only to force defendant into making an admission.

 Because none of the recognized exceptions to the general rule prohibiting evidence of subsequent remedial measures apply here, the trial court properly excluded plaintiff's evidence that the step was painted following plaintiff's fall. Additionally, we find no prejudice to plaintiff because the evidence actually got in through the testimony of defendant's president. The trial court therefore erred in granting plaintiff's motion for new trial. Defendant's point is granted.

We reverse and remand with instruction to enter judgment in accordance with the jury verdict.

CRANE, P.J., and DOWD, J., concur.