Robert HUELSTER and Sandra Huelster, Appellants,

v.

ST. ANTHONY'S MEDICAL CENTER, Respondent.

No. 53286.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 2, 1988.

Daniel R. Devereaux, St. Louis, for appellants.

James Joseph Hennelly, Celeste M. Leritz, Lashley, Baer & Hamel, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants-plaintiffs, Robert and Sandra Huelster, appeal from a jury verdict entered by the Circuit Court of St. Louis County in favor of respondent, St. Anthony's Medical Center (Hospital). On appeal, plaintiffs seek a new trial based upon the trial court's alleged error in not allowing plaintiffs' counsel to ask their expert witness a question. Finding plaintiffs' contention to be without merit, we affirm.

Plaintiff Robert Huelster injured his knee falling from a tree. Plaintiff claims that his knee was reinjured while in the care of Hospital. Plaintiffs subsequently brought an action against Hospital alleging negligent action on the part of Hospital's employee, a nurse's aid, in transporting plaintiff Robert Huelster to an operating room. Plaintiffs claimed damages for pain, suffering, wage loss and loss of consortium. Plaintiffs assert reversible error occurred when the trial court sustained the Hospital's objection to a single question

asked of plaintiffs' expert witness. The question asked and the discussion following Hospital's objection follows:

[Plaintiffs' counsel]: Doctor, in your experience in the field of orthopedic surgery and treatment of femur fractures that require the placing of a piece in traction, are you aware a nurse's aid would be permitted to do anything in regard to the—

[Defense counsel]: May we approach the Bench?

(At this point discussion was held at the Bench between the Court and counsel, out of the hearing of the jury as follows:

[Defense Counsel]: Your Honor, he is getting into an area beyond the standard care area, and then I would ask the question be stricken. He is an expert witness and here to testify.

THE COURT: You asked him, show it to me. (Document handed to the Court by counsel for defendant.)

[Plaintiffs' counsel]: He has been advised a long time ago. Dr. Perrion says the same thing in his deposition.

THE COURT: "Each and every witness —"

[Plaintiffs' counsel] [1]: They have taken his deposition and did not ask his opinion on that.

THE COURT: I will sustain the objection. . . .

Plaintiffs' counsel did not make an offer of proof as to what the question would be or how the expert witness would have answered.

Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof. *Frank v. Environmental Sanitation Mgmt.*, 687 S.W.2d 876, 883 (Mo. banc 1985). The Missouri Supreme Court stated the preferred method for making an offer of proof:

An offer of proof must demonstrate the relevancy of the testimony offered, must be specific, and must be definite. . . . In order to present and preserve an offer of proof the questions must be propounded to a witness who is present and has

taken the stand. This enables the trial court to rule upon the propriety and admissibility of the evidence, and preserve a record for appellate review. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). Missouri courts have allowed offers of proof in narrative form, usually a summary of the proposed testimony of the witness, so long as the offer does not include the conclusions of counsel. *See State v. Townsend*, 737 S.W.2d 191, 192 (Mo. banc 1987). In this case, plaintiffs did not preserve the issue for review by this court since no offer of proof of any sort was made by plaintiffs' counsel. The need for clarity, which an offer of proof would have provided, is buttressed in this case by plaintiffs' assertion in their brief that "[i]t is not clear . . . what the objection was based upon or why the objection was sustained." Furthermore, plaintiffs do not show that their case falls clearly within any exception to the general rule requiring offers of proof. *See State ex rel. State Highway Comm'n v. Northeast Building Co.*, 421 S.W.2d 297 (Mo. 1967).

Furthermore, the trial court does not ordinarily commit reversible error merely by excluding expert testimony that is relevant and admissible. *Hoffman v. Rotskoff,* 715 S.W.2d 538, 544 (Mo.App., E.D.1986). The decision to allow or exclude expert testimony rests within the trial court's discretion. *Id.* "An appellate court will not interfere with the exercise of that discretion unless it plainly appears that such discretion has been abused." *Id.* In this case, the trial court did not abuse its discretion since plaintiffs do not show that their case was prejudiced by the exclusion of the question to their expert witness.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

**1.** Both parties point out in brief that it was defendant that deposed Dr. Strickland, plain-  tiffs' expert.