**PEMISCOT COUNTY MEMORIAL HOSPITAL, Petitioner–Respondent,**

v.

**MISSOURI LABOR AND INDUSTRIAL RELATIONS COMMISSION, Respondent–Appellant,**

and

**Southeast Missouri Building and Construction Trades Council and its Affiliated Member Locals, Intervenors–Appellants.**

**Nos. 17572, 17574.**

Missouri Court of Appeals,
Southern District,
Division One.

March 3, 1992.

James E. Reeves, Ward & Reeves, Caruthersville, for petitioner-respondent.

Ronald F. Harris, Jefferson City, for Missouri Labor and Indus. Relations Com'n.

Ronald C. Gladney, Bartley, Goffstein, Bollato & Lange, St. Louis, for Intervenors–Appellants.

PER CURIAM:

Appellants appeal from an order of the circuit court reversing a determination of the Missouri Labor and Industrial Relations Commission denying respondent's objections under the Prevailing Wages on Public Works Act §§ 290.210–.340, RSMo 1986. The matter was remanded to the Commission for further proceedings. Respondent filed a motion to dismiss the appeals for violations of Rule 84.04(c), (d), and (h). That motion is sustained and the appeal dismissed. Rule 84.04 states in part:

(a) **Contents.** The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied On."

\*　　\*　　\*　　\*　　\*　　\*

(c) **Statement of Facts.** The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented.

(d) **Points Relied On.** The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. If more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first. All authorities discussed in the argument shall be cited under the "Points Relied On." Long lists of citations should not be included.

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

\*　　\*　　\*　　\*　　\*　　\*

(h) **Page References in Briefs.** All statements of fact and argument shall have specific page references to the legal file or the transcript.

\*　　\*　　\*　　\*　　\*　　\*

■ It is not necessary to decide if the points relied on were sufficient. Rule 84.04(c) and (h) were not followed. A legal file made up the record. It consisted of 607 pages, including a transcript of the hearing. Appellant Missouri Labor and Industrial Relations Commission's brief has a "statement of facts" covering slightly over 5-½ pages. The first three pages contain no references to the legal file. The only reference to testimony in the statement of facts is the following:

The Division's witnesses testified that except for carpenters, laborers and electricians, for which wage rates were issued in accordance with wage information on file, in the absence of any other wage information, the wage rates for the other crafts were issued in accordance with applicable collective bargaining agreements covering Pemiscot County (Division Exhibit 1, L.F. 111).

The facts stated are not at the place cited. In its one page "Statement of Facts" appellant Southeast Missouri Building and Construction Trades Council incorporates by reference the statement of facts of the Missouri Labor and Industrial Relations Commission, with certain additions. Those additions do not set forth any testimony or other evidence.

Appellant Commission's brief has seven references to the legal file in the statement of facts. Appellant Southeast Building and Construction Trades Council had six references in its statement of facts. The latter brief had no reference to the legal file in the argument portion. Appellant Commission had seven references, not all of which were accurate, in the argument portion of

its brief. Respondent's brief included a statement of facts of 12 pages.

 A statement of facts not complying with Rule 84.04 and which fails to set forth material evidence presented by respondent preserves nothing for review by this court. *Simpson v. Galena R–2 School District,* 809 S.W.2d 457, 458 (Mo.App.1991); *Federbush v. Federbush,* 667 S.W.2d 457, 458 (Mo.App.1984).

A gratuitous examination of the record indicates that respondent was correct in one or more of its contentions. No injustice will result from the matter being remanded to the Commission as ordered by the Circuit Court.

The appeals are dismissed.

All concur.