**Mary Catherine INMAN,
Plaintiff/Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY,
Defendant/Respondent.**

No. 61897.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1993.

Susan Beck Blaney, Clayton, for plaintiff/appellant.

Steven G. Schumaier, St. Louis, for defendant/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Mary Catherine Inman, appeals entry of a judgment on a jury verdict entered in the Circuit Court of the City of St. Louis, in favor of respondent, Bi–State Development Agency, in her suit for wrongful death. We affirm.

Shortly after midnight on September 21, 1986, Mr. Andrew Shores (decedent) was driving his car southbound on Broadway past Alexian Brothers Hospital. A Bi–State bus was returning to the South Broadway lot, and turned left in front of Shores' car. Shores attempted to stop, leaving 50 to 60 feet of skid marks on southbound Broadway, but to no avail. His vehicle collided with the bus, and was dragged 20 to 30 feet into the lot, until it was pushed into a concrete post. Shores was pronounced dead at the scene.

Appellant, decedent's mother, sued Bi–State for wrongful death. The cause went to trial on February 3, 1992, and was submitted to the jury on February 5, 1992. After deliberating for forty minutes, the jury returned a verdict for Bi–State. This appeal ensued.

For her first point on appeal, appellant contends the court erred when it sustained respondent's objection to the admission of the testimony of appellant's expert witness, Boulter Kelsey. Mr. Kelsey, an accident reconstruction specialist, would have testified to the speed of decedent's car when the brakes were first applied, as well as at impact. We note that the admission or exclusion of evidence, especially expert evidence, is a matter of trial court discretion. *Dunkin v. Reagon,* 710 S.W.2d 498, 500 (Mo.App., W.D.1986). We review only for a manifest abuse of that discretion. *Huelster v. St. Anthony's Medical Center,* 755 S.W.2d 16, 17 (Mo.App., E.D. 1988).

Appellant asserts that RSMo § 490.065 (Supp.1989) calls for liberal admission of expert testimony, particularly in the area of accident reconstruction. While the above assertion is true, it is also true that jurors are competent to decide issues of everyday experience, such as the one before us, without needing to resort to expert opinion testimony. *Dunkin,* 710 S.W.2d at 500. Moreover, the trial court does not usually commit reversible error by mere exclusion of expert testimony, even if the offered testimony is relevant and admissible. *Huelster,* 755 S.W.2d at 17. We see nothing in the record to remove this controversy from the court's discretion. Point denied.

For her second point, appellant alleges the court erred by reading RSMo § 304.010 (1986) to the jury. The statute reads in relevant part:

1. Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

Appellant claims the above statute created false issues before the jury, and gave them a roving commission. We disagree.

Reading statutes to the jury is reversible error only if counsel misstates the law, or states it in a manner calculated to mislead the jury. *State v. Watson,* 672

S.W.2d 701, 703 (Mo.App., E.D.1984); *Krenski v. Aubuchon*, 841 S.W.2d 721, 726 (Mo.App., E.D.1992). We fail to see any prejudice resulting from the court's reading of the statute to the jury. The statute is not confusing, it was read by the Court, not by counsel, and it does not misstate the law. Because we see no prejudice to appellant, her argument fails. Point denied.

Appellant next alleges the court erred by allowing Diane Maginn, an expert witness in toxicology, to testify regarding photocopies of lab reports containing the results of blood alcohol tests performed on the decedent. Appellant objected to this testimony on three grounds: (1) The witness could not testify from mere photocopies, when the original exhibits were not before the court; (2) No proper foundation was laid for the testimony; and (3) A sterile container was not used for decedent's blood sample, in violation of RSMo § 577.029 (1986) and appurtenant Department of Health regulations. We shall address each objection in turn.

■■■ Appellant's first sub-point concerns the best evidence rule. When respondent attempted to introduce the copies at trial, appellant made a best evidence objection. However, the best evidence rule is not raised by the instant dispute. Ordinarily, the best evidence rule requires the terms of a document to be proved by production of the original document. *Redpath v. Missouri Highway and Transp. Com'n*, 783 S.W.2d 429, 431 (Mo.App., W.D.1989). However, the best evidence rule is only applicable when the terms of a writing are in dispute. *Klein v. General Elec. Co.*, 714 S.W.2d 896, 903 (Mo.App., E.D.1986). Without any dispute as to the terms of a writing, the best evidence rule does not apply. *Id.* In the record before us, we find no allegation by appellant that the lab reports were faked or tampered with; thus, the actual terms of the writing are not in dispute and the best evidence rule does not apply.

■■■ Appellant's second sub-point alleges no proper foundation was laid for the testimony. This is simply not true. Before the witness gave her testimony, she stated she was a toxicologist working in the medical examiner's office, the records were kept in the normal course of business, she had been the custodian of those records, the records were accurate when made, and the procedures used by the lab were in accordance with toxicology industry standards. We find this to be foundation enough.

■■■ Appellant's third and final subpoint is that a sterile container was not used for decedent's blood sample, in violation of RSMo § 577.029 (1986). We point out that the instant statute is a criminal one, and has little bearing on this civil case. We further find no prejudice to appellant, as demonstrated by the following testimony:

Q Would you please describe the container you placed the blood in?

A It's a small white plastic container approximately three inches in height and an inch and a half in diameter. It's translucent; not clear, but translucent. You can see light through it.

Q Was that a sterile container?

A No, it has been sterilized, but it was not stored in a sterile condition. So, I did not therefore consider it sterile. It was clean.

Even though the container was not sterile, it was clean enough for its purpose. Point denied.

■■■ For her last point, appellant alleges the court erred by submitting Instruction No. 9, regarding excessive speed, to the jury, because it was unsupported by the evidence. We need not reach this claim, as the error, if any, is harmless.

■■■ It is the rule in this State that any error in instructing the jury on comparative fault is harmless, if one hundred percent fault is attributed to the complaining party. *Titsworth v. Powell*, 776 S.W.2d 416, 423 (Mo.App., E.D.1989). Moreover, the jury could easily have found the decedent's speed contributed to the accident now before us. Testimony put decedent's speed as high as 55 m.p.h., and the record shows the skid marks on Broadway were at least 50 feet long. The conclusion that decedent's speed contributed to the accident is not an unreasonable one for the jury to reach. Point denied.

The judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.