**IMR CORPORATION, A Missouri Corporation, Plaintiff–Appellant,**

v.

**Craig HEMPHILL d/b/a Hemphill Builders & Millwork Co., Defendant–Respondent.**

No. 69052.

Missouri Court of Appeals, Eastern District, Northern Division.

July 23, 1996.

Henery B. Robertson, St. Louis, for Appellant.

John B. Morthland, Neil F. Maune, Jr., Wasinger, Parham, Morthland, Terrell & Wasinger, Hannibal, for Respondent.

HOFF, Judge.

IMR Corporation (IMR) brought a breach of contract against Hemphill Builders and Millwork Co. (Hemphill). IMR now appeals the judgment based on a jury verdict in favor of Hemphill. We affirm.

IMR argues three points on appeal. IMR contends the trial court erred and abused its discretion by (1) sustaining Hemphill's objection on cross-examination of its expert witness; (2) sustaining Hemphill's objection on direct examination of one of Hemphill's former employees; and (3) excluding two of its exhibits.

In June of 1992, IMR contacted Hemphill about constructing a concrete underground

storage building approximately sixty feet by twenty-four feet in size. IMR contends they told Hemphill at the beginning of the project that the structure had to be sturdy enough to support a cover of ten feet of dirt. Hemphill denies knowledge of this fact until after the initial contract had been signed and he had completed the majority of the work on the concrete building.

In its first point on appeal, IMR contends the trial court abused its discretion by sustaining Hemphill's objection to IMR's question to Dr. James W. Baldwin, Jr., a civil engineer. The following transpired:

Q. [by IMR] If a contractor, in your opinion as an expert, Doctor, would be asked to build a storage/underground fallout shelter to be covered with ten foot of dirt, would it be prudent of him to get some engineering help?

MR. MORTHLAND: Your Honor, I'm going to object. This calls for speculation and conjecture on behalf of the witness.

MR. McILROY: This man is an expert, Your Honor, and I think it's proper.

MR. MORTHLAND: Not in the construction business.

THE COURT: The objection will be sustained.

IMR contends this question should have been permitted because what a prudent contractor would have known is relevant to what Hemphill should have known or actually knew. Further, IMR argues due to the conflicting testimony presented by both sides, this question should have been permitted because it would have added weight to its argument. Also, IMR claims the objections to Dr. Baldwin's qualifications were frivolous because he was a qualified expert to answer such a question.

Whether to admit or exclude the testimony of an expert is a decision left to the discretion of the trial judge. *Washburn v. Grundy Electric Cooperative*, 804 S.W.2d 424, 426 (Mo.App.1991). A person with substantial practical and specialized experience in a given area may also qualify as an expert in a given field. *Id.*

In *Brennan v. St. Louis Zoological Park*, 882 S.W.2d 271, 273 (Mo.App.1994), the issue was whether defendant's training and education as an engineer could qualify him to testify as to the standard of care for architects. The court held that despite defendant's thirty-five years of working closely with and overseeing architects, defendant was not allowed to testify as to the standards of care required of architects by their own profession. *Id.* The court would not allow a member of one profession to testify about an entirely different profession based on one's special experience. *Id.*

Similarly, in the present situation, IMR asserts Dr. Baldwin, a civil engineer, should have been allowed to testify as to the standard of care required for contractors. Specifically, IMR argues the trial court should have permitted questions as to whether it would be prudent for Hemphill to get some engineering help on the structure he was contracted to build. Dr. Baldwin testified he has been a Professor of Civil Engineering for the last thirty-five years at the University of Missouri–Columbia. He received his undergraduate degree in general engineering with a structural option from the University of Illinois in Urbana, IL. He received his Master of Science and his PhD in Theoretical and Applied Mechanics from the University of Illinois in Urbana, IL.

In his testimony, Dr. Baldwin did not specifically discuss any experience he may have had with residential contractors. He did mention, however, some limited experience when he was in the U.S. Army Corps of Engineers, between 1951 and the Fall of 1954, where he served in Korea as a commander of a construction unit. This does not qualify Dr. Baldwin, a civil engineer, to testify as to the standard of care required for a general contractor.

Alternatively, IMR offers this portion of Dr. Baldwin's testimony into evidence under the theory of curative admissibility. IMR contends Hemphill asked IMR's two engineer witnesses similar questions regarding the structure. IMR asserts if it was not allowed to question Dr. Baldwin in this manner, then Hemphill should not have been allowed to question IMR's two engineers regarding the structure. Further, IMR con-

tends because Hemphill had the opportunity to present evidence that would shift the burden on IMR to consult an engineer, it should have had the opportunity to persuade the jury that it was Hemphill's responsibility to confer with an engineer.

■ The admission of curative evidence is within the trial court's discretion. *Phoenix Redevelopment Corporation v. Walker,* 812 S.W.2d 881, 886 (Mo.App.1991). The doctrine of curative admissibility allows a party to reply to inadmissible evidence introduced by the opposing party with similar evidence if its introduction would remove any unfair prejudice caused by the admission of the earlier inadmissible evidence. *Id.*

IMR contends if their questioning of Dr. Baldwin was improper, then so were the questions Hemphill asked IMR's two engineering experts, Mark Lassergne and John A. Ferguson. IMR argues the following question by Hemphill to Mr. Lassergne was improper, "If someone came to you, such as Mr. Peters did, wanting an underground storage building with ten feet of dirt on top of it, that's a pretty complicated structure, isn't that correct?" IMR also argues the following question by Hemphill to Mr. Ferguson was improper, "Is it fair to say, Mr. Ferguson, that this type of structure is not a simple structure for a layman to design or engineer?" IMR asserts these questions were improper because they essentially sought the same information they were seeking from Dr. Baldwin, which was an opinion that an engineer should have been consulted in designing such a structure.

The testimonies of Mr. Lassergne and Mr. Ferguson, however, were admissible. The two engineers provided testimony regarding their opinions about the engineering of the structure, an area clearly within their expertise as engineers. In contrast to the question asked by IMR to Dr. Baldwin, these two engineers were not asked whether a general contractor should have contacted an engineer. This would have been a question asking for information beyond their expertise, regarding another profession's standard of care. These engineers would not be qualified to give such testimony. Therefore, the

doctrine of curative admissibility does not apply. Point denied.

■ In its second point on appeal, IMR contends the trial court abused its discretion by sustaining Hemphill's objection and not permitting Daryl DeCamp, one of Hemphill's former employees, to testify regarding who told him there would be dirt on top of the structure. IMR contends Mr. DeCamp was trying to testify he knew before their work on the project began there was going to be dirt placed on top of the building. IMR argues this was proper as an admission by Hemphill because it was conveyed by Hemphill's employees acting within the scope of their duties. Additionally, IMR argues it was not offered for a hearsay purpose, but for the purpose of showing Hemphill's knowledge of the requirement of earthen cover.

■ Testimony is hearsay when a witness offers out-of-court statements of another to prove the truth of the matter asserted in the statement. *Bynote v. National Super Markets, Inc.,* 891 S.W.2d 117, 120 (Mo. banc 1995). However, exceptions to the general prohibition against hearsay may apply when circumstances conspire to assure the trustworthiness of the declarant's statement despite the absence of cross-examination, the oath, and the fact finder's ability to observe the declarant's demeanor. *Id.* For instance, a person with executive capacity is generally an agent for the entity he or she serves and has broad authority to bind the principal by his or her statements. *Id.* at 124. This does not necessarily mean, however, that persons who do not possess executive capacity can never be agents of the principal for purposes of statements that bind the principal as admissions. *Id.* The court in *Bynote* held the statements of the bagger and checker at a National supermarket were vicarious admissions of National because they were both employees of National at the time the statements were made and the scope of their duties at the time included making those statements. *Id.*

In the present case, Mr. DeCamp was testifying about a statement made during his employment with IMR, regarding whether Hemphill was aware the structure would have to withstand ten feet of dirt. He was

not testifying this was his statement or he was making this statement within the scope of his duties. Rather, Mr. DeCamp was testifying other employees of Hemphill made the statement, not that Hemphill himself made the statement. This is hearsay within hearsay, which is inadmissible evidence. Furthermore, there was no offer of proof asserting Mr. DeCamp would testify that Hemphill made such a statement about the structure. Point denied.

■ In its third point on appeal, IMR argues the trial court erred in excluding plaintiff's Exhibits 27 and 28. Exhibits 27 and 28 were letters to IMR written by engineer John Ferguson reporting his observations and recommendations based on his inspections of the building site. IMR contends these letters were admissible as part of his expert testimony and were not hearsay because the declarant was already on the stand subject to cross-examination.

■ The admission or exclusion of evidence, especially expert evidence, is a matter of trial court discretion. *Inman v. Bi-State Dev. Agency*, 849 S.W.2d 681, 683 (Mo. App.1993). We review only for a manifest abuse of discretion. *Id.* An error in the exclusion of evidence is harmless if the same facts have been shown by other evidence and exhibits. *King v. Copp Trucking, Inc.*, 853 S.W.2d 304, 307 (Mo.App.1993). A ruling within the trial court's discretion is presumed correct and the appellant bears the burden of showing the trial court abused its discretion and that they have been prejudiced by the abuse. *Id.*

In the present case, Mr. Ferguson's testimony and Exhibits 27 and 28 discuss essentially the same information. They both establish the failure of the structure's roof and the existence of a dangerous situation which could lead to collapse of the structure. Also, they both include Mr. Ferguson's recommendations from his first visit to the structure as well as his detailed observations from the second visit.

IMR offers no Missouri case for the proposition that the trial court erred in not admitting the exhibits into evidence because they were part of the expert's testimony. Furthermore, IMR failed to prove it was prejudiced or harmed by the exclusion of these exhibits. Also, Mr. Ferguson's testimony before the jury discussed the same relevant information as the exhibits. Therefore, the exhibits were cumulative and served only to bolster Mr. Ferguson's testimony. We find the trial court's exclusion of Exhibits 27 and 28 from evidence was harmless. Point denied.

We affirm.

CRANE, C.J., and CRANDALL, J., concur.