Sharon SHOEMAKER,
Plaintiff/Appellant,

v.

Dr. Josiah EKUNNO and Christian Hospital N.E.–N.W., Defendants/Respondents.

No. 71065.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 13, 1998.

Goldenhersh Law Offices, Marc P. Weinberg, St. Louis, for plaintiff/appellant.

Moser and Marsalek, P.C., Robyn G. Fox, Catherine M. Vale, St. Louis, for Dr. Josiah Ekunno.

Coffelt & Coffelt, P.C., Kemper R. Coffelt, Richard J. Mehan, Jr., Clayton, for Christian Hospital Northeast/Northwest.

PUDLOWSKI, Judge.

Sharon Shoemaker (Shoemaker) brought suit against defendants Dr. Josiah Ekunno (Ekunno) and Christian Hospital Northeast–Northwest (Christian) alleging Ekunno and Christian negligently performed surgery by leaving a surgical sponge in her abdominal cavity. A jury returned a verdict for Ekunno and Christian. Shoemaker appeals. All five of Shoemaker's points on appeal allege the trial court erred in the admission of evidence. Shoemaker contends the trial court erred in excluding a videotape of a different surgery than the one involved here, a laparotomy sponge (or "lap sponge") similar to the one left inside Shoemaker, and testimony from a nurse. Shoemaker also alleges the court erred in allowing evidence regarding the nurses' work habits. We affirm.

Shoemaker had four abdominal surgeries: a gall bladder operation in 1978, a tubal ligation performed in 1986 by defendant Ekunno, a 1988 hernia operation, and a 1991 hysterectomy. No records exist regarding the 1978 gall bladder operation. During the 1991 hysterectomy, the surgeon found a lap sponge, which is a large flat sponge, in Shoemaker's abdomen. Shoemaker brought suit against Ekunno and Christian, alleging that they were responsible for leaving the sponge in her abdomen during the 1986 tubal ligation operation. Ekunno and Christian theorized that the sponge was left inside Shoemaker during the 1978 gall bladder surgery, arguing inter alia, that the incision made by Ekunno was too small to fit a lap sponge, and that such sponges are typically used more often in gall bladder operations and appendectomies rather than tubal ligations.

In her first point, Shoemaker alleges the trial court abused its discretion in excluding a videotape depicting a tubal ligation reversal. Shoemaker alleges the video tape was demonstrative evidence necessary to refute Ekunno's claim that it is impossible to fit a lap sponge into the type of incision used for tubal ligations. The trial court refused to allow the video tape because it portrayed an operation that was different from the procedure at issue in this case.

■ The use of demonstrative evidence is a question that is left to the sound discretion of the trial court. *Moore v. Missouri Pacific R. Co.*, 825 S.W.2d 839, 846 (Mo. banc 1992). This standard applies to films, and should apply to videotape. *Beers v. Western Auto Supply Co.*, 646 S.W.2d 812, 815 (Mo. App. W.D.1982). In deciding whether to admit a videotaped demonstration of expert testimony, the *Beers* court analyzed several factors, including: (1) similarity of the videotape to the incident in question, (2) whether the videotape is intended to "recreate" the event, or whether it is a demonstration of related concepts and principals that is not

likely to mislead the jury into believing the videotape is a reenactment, and (3) the extent to which a layperson juror would have difficulty understanding expert testimony without visual aids. *Id.* at 815–16.

■ The court did not abuse its discretion in refusing to admit the videotape. First, Shoemaker made a very general offer of proof. Shoemaker failed to complain to the trial court, as she does here, that the videotape was relevant to show the size of the incision relative to the size of the lap sponge. An offer of proof must be specific and definite. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983).

Additionally, as the trial court stated, the videotaped operation depicted a different procedure. It does not appear that a jury would be able to tell that the doctors in the videotape were not intended to depict the events of the Shoemaker case, especially since Shoemaker proposed to turn off the sound and have the tape narrated by her medical expert. *See Beers*, 646 S.W.2d at 816. Furthermore, the question involved does not seem beyond the grasp of a normal lay juror. For the foregoing reasons, the trial court did not abuse its discretion in refusing to admit the videotape. Point denied.

In her second point on appeal, Shoemaker claims that the trial court erred by excluding Exhibit 22, a lap sponge, into evidence. Shoemaker claims the sponge would graphically show the jury the type and size of the sponge used during the operation by Ekunno. The trial court refused to admit the sponge because Shoemaker did not lay a proper foundation.

■ Where a party offers demonstrative evidence, it must establish an adequate foundation by authenticating that the object offered is the object involved in the controversy and remains substantially unchanged. *Jackson v. Jackson*, 875 S.W.2d 590, 592 (Mo.App. E.D.1994). The issue at hand is slightly different because Shoemaker attempted to enter evidence that was similar, but not the same, as the actual lap sponge. Nevertheless, the central inquiry remains to be whether Shoemaker laid a foundation sufficient to establish with a reasonable assurance that the sponge was the same as the type used by Ekunno and Christian at the time in question. *Id.* An abuse of discretion standard applies to the admission of evidence. *House v. Missouri Pacific Railroad Co.*, 927 S.W.2d 538, 540 (Mo.App. E.D.1996). Such an abuse only arises where the trial court's ruling was clearly against the logic of the circumstance, and so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration. *Id.*

■ The trial court did not err, because Shoemaker did not reasonably assure the trial court that the lap sponge was the same type of sponge employed by Ekunno and Christian in 1986. Shoemaker attempted to use the testimony of a nurse to authenticate the sponge. In deposition, the nurse testified that Exhibit 22 was a lap sponge. She did not know who manufactured or supplied the sponges between 1986 and 1993. She testified that the size of the sponge did not change in that amount of time. However, Shoemaker did not present evidence that Exhibit 22 was the same type of sponge used in 1986 during her operation. While the trial court afforded Shoemaker an opportunity to present additional evidence that the sponge was the same type used by Christian, she failed to do so. Shoemaker further contends the trial court erred in shortening her cross-examination of another nurse regarding Exhibit 22. The court properly limited Shoemaker's cross-examination on Exhibit 22, because for the foregoing reasons, the exhibit was not properly admitted into evidence. Point denied.

■ Shoemaker's third point on appeal contends the trial court erred by excluding deposition testimony of a nurse regarding the type of incision used by Ekunno. The trial court has broad discretion to determine an expert's qualifications to testify on certain matters. *Wingate v. Lester E. Cox*, 853 S.W.2d 912, 918 (Mo. banc 1993). We reverse such a ruling only for manifest abuse of discretion, the burden resting with the appellant. *IMR Corp. v. Hemphill*, 926 S.W.2d 542, 546 (Mo.App. E.D.1996). When non-

doctors are called to testify on the standard of care of a physician, the proponent must first show the "rather unusual" circumstances that make the witness qualified to render an opinion on the doctor's actions. *Id., Fields v. Curators of University of Missouri*, 848 S.W.2d 589, 590 (Mo.App. W.D. 1993). This is a similar situation. *See, Wingate*, 853 S.W.2d at 918. Although not testifying to the standard of care, the nurse rendered an opinion, over objection, that the type of incision indicated in Ekunno's report is characteristic of a very large exploratory incision. The report did not define the incision as an exploratory laparotomy incision, but was interpreted as such by the nurse. The court did not abuse its discretion in excluding the testimony because Shoemaker did not show the nurse had special expertise to interpret doctors' reports and the types of incisions described in them. As an additional matter, Shoemaker claims the trial court erred by not letting her use the nurse's testimony at the deposition to impeach her testimony at trial. This argument is without merit since the trial court properly excluded the deposition testimony. Point denied.

Next, Shoemaker contends the trial court erred because it allowed character evidence in a civil trial. Upon being questioned if the nurses involved were "competent and straight forward and caring," the court allowed Ekunno to testify that "yes, they are competent." Shoemaker claims that the evidence was used to invoke sympathy for the nurses.

▆▆▆ The general rule in Missouri is that reputation evidence is inadmissible in civil suits except for the limited purpose of rehabilitating a defendant whose reputation has been disparaged by the plaintiff. *Haynam v. Laclede Electric Co–op., Inc.*, 827 S.W.2d 200, 207 (Mo. banc 1992). However, to classify Ekunno's testimony as character evidence would be a mischaracterization. Even though Ekunno's testimony was not rebuttal evidence, the trial court did not err in permitting the testimony because it referred to the nurses' professional competence, not their reputation in the community. A major jury question was whether the nurses had competently performed the routine chore of counting sponges to determine if any had been left inside Shoemaker during closing the incision. Since the trial court easily may have construed such questioning to deal with professionalism of the nurses, we cannot say the trial court abused its discretion in allowing the testimony. *Smith v. Kovac*, 927 S.W.2d 493, 500 (Mo.App. E.D. 1996). Point denied.

Shoemaker's fifth and final point is a warren of alleged points of error in the admission of evidence. In the same point, Shoemaker alleges the trial court committed several errors in ruling on the admissibility of deposition testimony. The point contains a list "including but not limited to" seven different alleged errors.

▆▆▆ As a preliminary matter, we note that a point which contains multifarious claims of error is not in compliance with Rule 84.04(d). *Stroup v. Facet Automotive Filter Co.*, 919 S.W.2d 273, 277 (Mo.App. S.D.1996). Additionally, in its argument, Shoemaker cites only one case, which is insufficient to maintain the number of various errors alleged. *See Earl v. St. Louis University*, 875 S.W.2d 234, 240 (Mo.App. E.D.1994).

Nevertheless, Shoemaker claims the trial court erred because it sustained an objection which was made at trial but not preserved during the deposition. Notably, Shoemaker argues only that the objections were not timely. He does not argue that the trial court abused its discretion in excluding the deposition testimony. The applicable rule is that "objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time." Rule 57.07(d)(3)(A).

▆▆▆ Shoemaker points to three objections which she claims were not properly preserved. Opposing counsel properly objected to one of the alleged errors both at the deposition and at trial. Two other objections made before the trial court, but not at the deposition, were that Shoemaker had not properly laid a foundation for her expert to

testify to certain matters. Foundation goes to competency, so the objections as to foundation did not need to be preserved at the deposition. *Id.*

■ Shoemaker claims the trial court erred in excluding deposition testimony of its principal expert. The same expert was deposed three different times. The trial court did not allow Shoemaker to read the first deposition to the jury, reasoning that the testimony was repetitive because another deposition by the same expert was not excluded. Although both the court and opposing counsel conceded that non-repetitive portions of the deposition should be allowed into evidence, Shoemaker failed to direct the court to any specific instances that were non-repetitive. Even on appeal, Shoemaker has cited testimony that was repeated in the allowed deposition. It was not an abuse of discretion for the court to refuse to admit the evidence.

■ Shoemaker contends that the court erred in sustaining four different objections in the allowed deposition, but did not allege any specific error or provide the Court with citation to authority. A point of error unsupported by a citation of relevant authority is deemed abandoned. *Earl,* 875 S.W.2d at 240. However, we have reviewed the alleged errors in point five gratuitously and find no abuse of discretion.

Ekunno and Christian's motion to dismiss Shoemaker's appellate brief is denied.

Judgment affirmed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.