**James R. ANGLE and Sue Ellen Angle, Plaintiffs–Respondents,**

v.

**Don GRANT, Defendant,**

and

**Southwest Village Water Co., Paul O. Johnson, and Geneva Ann Johnson, Defendants–Appellants.**

No. 22753.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 18, 1999.

Stephen P. Seigel, Springfield, for Appellants.

Lynn C. Rodgers and Lisa McKay, Hall, Ansley, Rodgers & Condry, P.C., Springfield, for Respondents.

Before GARRISON, C.J., PREWITT, J., and BARNEY, J.

PER CURIAM.

Defendant Don Grant published a notice stating that as a successor trustee he would hold a trustee's sale under a deed of

trust securing the payment of a promissory note. The deed of trust purportedly was a lien upon property owned by Plaintiffs. Defendant Southwest Village Water Company executed the deed of trust, and Defendant Geneva Ann Johnson was purported to be the holder of the promissory note. Defendant Southwest Village Water Company was alleged to be either owned or controlled by Defendant Paul O. Johnson, husband of Defendant Geneva Ann Johnson.

Plaintiffs sought an injunction preventing the foreclosure, declaratory judgment that the note and deed of trust were of no force and effect, quiet title, and damages for slander of title. The count seeking damages for slander of title was voluntarily dismissed by Plaintiffs, and summary judgment on the other counts entered in favor of Plaintiffs. Defendants Southwest Village Water Company, Paul O. Johnson, and Geneva Ann Johnson appeal.

Defendants' brief contains a statement of facts less than two pages in length, with four references to the 514–page legal file and one reference to the transcript. The statement of facts is little more than a recitation of the procedural history of this matter. In their points relied on, Defendants contend that summary judgment was erroneous because Plaintiffs failed to establish that there was no genuine dispute as to material facts. Those allegedly disputed facts do not appear in the statement of facts.

As authorities, Defendants cite two cases: One, as to the standard of this court in reviewing summary judgment; and, *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713 (Mo.banc 1979), as to collateral estoppel and res judicata. No authority as to the other contentions stated in the points has been included. We conclude that this brief fails to preserve any points for our review. Rule 84.04(c) provides:

> The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the point relied on.

■ A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient. *Murray v. Missouri Real Estate Comm'n*, 858 S.W.2d 238, 239 (Mo.App.1993). A statement of facts which does not comply with Rule 84.04 and which fails to set forth material evidence preserves nothing for review. *Pemiscot County Memorial Hospital v. Missouri Labor and Industrial Relations Comm'n*, 825 S.W.2d 61, 63 (Mo. App.1992). Failure to include in the statement of facts the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review. *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App.1998).

■ Under Rule 84.04, an appeal is deficient if an appellant fails to cite authority for a point or fails to specify why citations are unavailable. *State ex rel. Jefferson County v. Watson*, 867 S.W.2d 223, 229 (Mo.App.1993). Citation of one case is insufficient to support a point containing numerous contentions. *Shoemaker v. Ekunno*, 960 S.W.2d 527, 531 (Mo.App. 1998). Gratuitous review indicates no error, plain or otherwise, in the trial court's decision.

Pursuant to Rule 84.19, Plaintiffs–Respondents have filed a motion for damages for frivolous appeal. The record supports that motion. The motion is sustained and $5,000.00 is assessed against said Defendants–Appellants, jointly and severally, and in favor of Plaintiffs–Respondents.

The judgment is affirmed.