**Arnold and Estell PARNES,**
**Appellants,**

v.

**CENTERTAINMENT, INC.,**
**Respondent.**

**No. WD 57126.**

Missouri Court of Appeals,
Western District.

Jan. 18, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied
April 25, 2000.

Stanley Wiles, Kansas City, for appellant.

William C. Odle, Kansas City, for respondent.

Before PAUL M. SPINDEN, Presiding Judge, HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge.

PER CURIAM.

Arnold and Estell Parnes appeal the circuit court's judgment dismissing their petition for damages against Centertainment, Inc., for failure to state a claim upon which relief could be granted. In response to the Parneses' appeal, Centertainment filed a motion to dismiss the appeal on the ground that the Parneses did not obey rules of appellate procedure. Because we find numerous violations, we sustain the motion and dismiss the appeal.

■ The Parneses did not file a certified copy of the petition for damages with this court in their record on appeal.[1] Rule 81.15(a) says, "Except as provided in Rule 81.15(c), the legal file shall be certified by the clerk of the trial court to consist of true copies of portions of the trial record, proceedings, and evidence previously reduced to writing and filed in the trial court." Without the petition, we cannot determine whether the circuit court erred in dismissing the petition for failure to state a claim. Although the Parneses filed motions with this court to file a supplemental legal file and a second supplemental legal file containing a copy of the petition, we denied the motions because the supplemental legal files were not certified or stipulated to by the parties.[2] After the denials of their motions, the Parneses did not attempt to file a certified copy of the petition or file a stipulation by the parties as to the accuracy of the uncertified copy of the petition.

---

1. In the legal file filed with this court, the Parneses included only the first page of the petition for damages.

2. Rule 81.15(c) allows a legal file to be filed without certification if the parties agree in writing that the legal file is true and accurate.

Moreover, the Parneses' amended brief on appeal did not contain a jurisdictional statement or a sufficient statement of facts as required by Rule 84.04. The Parneses filed a motion with this court asking it to allow them to file supplemental pages to its brief because they inadvertently did not include "pages 1 and 1A ... which includes the Jurisdictional Statement and Statement of Facts[.]" This court granted the Parneses' motion, but the Parneses did not file "pages 1 and 1A" to be included with their amended brief.

We struck the Parneses' first brief because the argument portion did not include "a concise statement of the applicable standard of review for each claim of error, in violation of Rule 84.04(e)." The first brief did contain a jurisdictional statement and a statement of facts. When we struck the first brief, however, we informed the Parneses:

> [T]he Court will no longer permit appellants to amend their briefs by reprinting only the defective portions. The Court has [struck] the entire brief and will require that the entire brief be reprinted or reduplicated. If you want to use portions of the original brief, you may pick them up in the Clerk's office or ... make arrangements to have them mailed to you.

The Parneses were obligated to file the supplemental pages for their amended brief with this court, and it was not this court's obligation to supplement the Parneses' brief with pages from a brief which had been struck.

▌ Even if we were to allow the first brief's statement of facts to supplement the amended brief, the statement of facts was deficient. "A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient." *Angle v. Grant,* 997 S.W.2d 133, 134 (Mo. App.1999). The Parneses' original statement of facts said:

Plaintiff–Appellant filed his Petition for Damages. against both Defendants. (LF–42–63). The full text of the Petition for Damages was inadvertently not filed with the Legal File. To correct that unintentional oversight, the Plaintiff–Appellant are enclosing the original and eleven copies of the Petition for Damages, which should be designated in the Legal File.[3] Plaintiff's filed his Petition for Damages with Summons attached (LF–39–63). Defendants filed a Motion to Dismiss along with Suggestions in support of their Motion to Dismiss (LF–30–38).

Plaintiff's filed their Suggestions Opposing Defendants' Motion to Dismiss (LF–19–27).

Defendant's filed Reply Plaintiff's Suggestions in Support of their Motion to Dismiss (LF–11–17).

Plaintiff filed Reply Suggestions to Defendant's Reply Suggestions (LF–6–10).

The Trial Judge sustained Defendant's Motion to Dismiss. (LF–18).

The Parneses' statement of facts in their amended brief merely stated:

Plaintiff's filed their Suggestions Opposing Defendants' Motion to Dismiss (LF–19–27).

Defendant's filed Reply Plaintiff's Suggestions in Support of their Motion to Dismiss (LF–11–17).

Plaintiff filed Reply Suggestions to Defendant's Reply Suggestions (LF–6–10).

The Trial Judge sustained Defendant's Motion to Dismiss. (LF–18).

The Parneses' failure to include in their statement of facts the facts upon which their claim of error is based does not preserve anything for our review. *Id.*

▌ "Violations of the rules of appellate procedure are grounds for dismissal of an appeal." *Jones v. Jones,* 819 S.W.2d 773,

---

3. The Parneses did not do this.

774 (Mo.App.1991). We, therefore, dismiss the Parneses' appeal. .

Centertainment also filed a motion for damages for frivolous appeal. We deny the motion.